VIRGINIA-CAROLINA CHEMICAL COMPANY, A CORPORATION, *Plaintiff in Error*, v. F. A. SHADINGER AND J. N. OSTEEN, *Defendants in Error*.

Opinion Filed February 3, 1915.

Where judgment is obtained against only two or four joint makers of a note, the other two appearing but no default was taken for failure to plead, a writ of error taken by the plaintiff will be dismissed, where the purpose of the writ of error is to open up the judgment to later take action so as to include an adjudication against the two as to whom the plaintiff in error has shown no right to a judgment, and such two are not parties to the judgment or to the writ of error.

Writ of Error to Circuit Court for Dade County; J. Emmet Wolfe, Judge:

Writ dismissed.

*Hudson & Cason*, for Plaintiff in Error.

No Appearance for Defendant in Error.

PER CURIAM.—An action was brought by the Virginia-Carolina Chemical Company against W. H. Burnham, C. H. Slifer, F. A. Shadinger and J. N. Osteen on a

joint note made by them. W. E. Burnham and C. H. Slifer appeared. A default was entered against F. A. Shadinger and J. N. Osteen, who were served with process. It does not appear that Burnham and Slifer filed any pleading, or that a default was entered against them. On an *ex parte* hearing a verdict was returned against all four of the defendants. Judgment was entered only against F. A. Shadinger and J. N. Osteen. The plaintiff took writ of error. The writ of error was dismissed, but was afterwards reinstated by the court.

The plaintiff in error does not show by the transcript that the trial court had authority to enter judgment against Burnham and Slifer, they having appeared but no default being entered against them for failure to plead. The plaintiff in error is not entitled to a review here of the judgment merely for the purpose of opening up the judgment to later take action so as to include an adjudication against Burnham and Slifer in the judgment, since the plaintiff does not show a right to a judgment against Burnham and Slifer, even if such a review would be permitted here when Burnham and Slifer are not parties to the judgment obtained or to the writ of error brought to review the judgment.

The Writ of Error is dismissed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL, WHITFIELD AND ELLIS, JJ., concur.